UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. GAMBOA, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:14-cv-1242-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

　　　　His complaint is now before the Court for screening.

**I.　SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff complains of acts that occurred during his incarceration at Corcoran State Prison ("CSP"). He names the following individuals as Defendants in their individual and

official capacities: (1) M. Gamboa, 3B Captain; (2) F. Castillo, 3rd Watch Sergeant; (3) Warden Jennings; and (4) an unnamed Appeal Coordinator.

Plaintiff's allegations can be summarized essentially as follows:

CSP is using "cell feeding" during second and third watch in violation of Title 15 of the California Code of Regulations. The food is not hot. It gives Plaintiff an upset stomach.

Plaintiff filed a Form 602, complaining of the cell feeding and cold food. The Appeal Coordinator screened out his appeal without a valid reason. His appeal eventually was granted at the First Level by Defendant Castillo. Plaintiff filed several appeals regarding cell feeding and received only the one response from Defendant Castillo.

CSP continued cell feeding even after Plaintiff's appeal was granted. Plaintiff continued to feel sick. The continued cell feeding constituted negligence.

Defendant Gamboa was aware of Plaintiff's appeal and that cell feedings were making Plaintiff sick, but continued to allow cell feeding. Defendant Castillo granted Plaintiff's appeal but continued to allow cell feeding. Defendant Jennings approved the grant of the appeal, and knew that the food did not meet health standards and was making Plaintiff sick, but continued to allow cell feeding. Defendant Appeal Coordinator did nothing to stop cell feeding after Plaintiff's appeal was granted.

Plaintiff seeks money damages and the elimination of cell feeding.

**IV.  ANALYSIS**

  **A.  No Cognizable Claim Stated**

The complaint does not include any discernable description of an alleged violation of any of Plaintiff's constitutional rights. It does not advise the Court of the constitutional claims Plaintiff intends to plead or the bases for them. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir.

1984). Plaintiff's Complaint fails to state any cognizable claim.

The Court will provide Plaintiff an opportunity to amend. If Plaintiff chooses to do so, he must include all relevant factual allegations in one document; references to facts alleged in prior filings will be disregarded. The following sections of this Order provide legal standards applicable to named Defendants and what the Court believes may be Plaintiff's intended claims.

### B.     Official Capacity

Plaintiff names each defendant in their individual and official capacities.

"Official capacity" suits require that a policy or custom of the governmental entity is the moving force behind the violation. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Plaintiff cannot recover money damages from state officials in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Official capacity suits may seek only prospective relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010).

To the extent Plaintiff may wish to raise official capacity allegations based on CSP's cell feeding policy, he has not linked any named defendant to the implementation of this policy. As discussed below, Plaintiff is required to link a name defendant to his claims.

If Plaintiff chooses to amend, he may seek only prospective relief against defendants named in their official capacities. Any such allegations must be based on the governmental entity's policy or custom. He also must link a named defendant to his claim.

### C.     Supervisory Liability

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Defendants may only be held liable for their own misconduct. Plaintiff must show that each Defendant participated in the violations, or knew of the violations and failed to act.

### C.    Failure to process appeal

Plaintiff fails to state a due process violation against Defendant Appeal Coordinator for screening out his inmate appeals. Prisoners have no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance does not constitute a due process violation. Moreover, Plaintiff's allegations and the documents attached to his complaint reflect that Plaintiff eventually was able to and did pursue his appeal.

### D.    Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations omitted). To determine whether the conditions of Plaintiff's confinement constituted cruel and unusual punishment, the Court must assess whether Plaintiff was deprived of the "minimal civilized measure of life's necessities." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128. To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation omitted). "The fact that the food . . . sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985), cited with approval in LeMaire, 12 F.3d at 1456. In contrast, "[f]ood that is spoiled . . . would be inadequate to maintain health." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996).

Plaintiff has not stated a cognizable Eighth Amendment claim for cruel and unusual punishment. CSP's cell feeding practice that resulted in Plaintiff receiving cold food demonstrates neither a deprivation of the "minimal civilized measure of life's necessities" nor a risk of serious harm to Plaintiff. Plaintiff has in any event failed to allege sufficient facts to link each named Defendant to his claims. Plaintiff's conclusory assertion that each Defendant was aware of his appeal does not suffice to state a cause of action. Iqbal, 556 U.S. at 678.

Plaintiff will be given leave to amend. If he chooses to do so, he must show that Defendants acted with deliberate indifference to a substantial risk of serious harm to Plaintiff.

### E.     California Regulations

To the extent Plaintiff wishes to allege violations of Title 15 of the California Code of Regulations governing conduct of prison officials, the existence of the Title 15 regulations does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none. Several district court decisions hold that there is no such right. See e.g., Vasquez v. Tate, No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012).

Plaintiff may not bring an independent claim solely for violation of prison regulations set out in Title 15. Leave to amend such a claim is futile and will be denied on that basis.

### F.     Negligence

Mere negligence on the part of a prison official is insufficient to establish liability under the Eighth Amendment. Farmer, 511 U.S. at 835. However, Plaintiff may intend to allege a state law negligence claim. Under California law, a public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "[T]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 70 Cal. Rptr. 3d 519 (2008) (internal quotations omitted)).

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law negligence claim. Plaintiff may amend this claim, but if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law negligence claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

## V.  CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his complaint, filed July 16, 2014;

2. Plaintiff's complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   October 3, 2014         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE