1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| MARK ANTHONY WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-1242-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 12)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

12
13
14
15
16
17
18

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

19
20

        The Court screened Plaintiff's complaint (ECF No. 1) and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 11.) Plaintiff since has filed a first amended complaint (ECF No. 12), which is before the Court for screening.

21
22

**I.    SCREENING REQUIREMENT**

23
24
25
26
27
28

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1    such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

2    thereof, that may have been paid, the court shall dismiss the case at any time if the court

3    determines that . . . the action or appeal . . . fails to state a claim upon which relief may

4    be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5    **II.     PLEADING STANDARD**

6          Section 1983 "provides a cause of action for the deprivation of any rights,

7    privileges, or immunities secured by the Constitution and laws of the United States."

8    Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

9    Section 1983 is not itself a source of substantive rights, but merely provides a method for

10   vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

11   (1989).

12         To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

13   that a right secured by the Constitution or laws of the United States was violated and (2)

14   that the alleged violation was committed by a person acting under the color of state law.

15   See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

16   1245 (9th Cir. 1987).

17         A complaint must contain "a short and plain statement of the claim showing that

18   the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

19   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

20   supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

21   662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

22   Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

23   that is plausible on its face." Id. Facial plausibility demands more than the mere

24   possibility that a defendant committed misconduct and, while factual allegations are

25   accepted as true, legal conclusions are not. Id. at 677-78.

26

27

28

2

1    **III.    PLAINTIFF'S ALLEGATIONS**

2        Plaintiff currently is incarcerated at Corcoran State Prison ("CSP"), where the acts

3    giving rise to his complaint occurred. He names the following individuals as Defendants:

4    (1) M. Gamboa, 3B Captain; (2) F. Castillo, 3rd Watch Sergeant; (3) Warden Jennings;

5    and (4) an unnamed Appeal Coordinator.

6        The facts alleged in Plaintiff's first amended complaint are essentially unchanged

7    from those contained in his initial complaint. His allegations can be summarized

8    essentially as follows:

9        CSP is using "cell feeding" during second and third watch. Plaintiff's yard is not

10   designed for cell feeding. The food is not served hot. It gives Plaintiff an upset stomach.

11   Plaintiff believes he has a constitutional right to two hot meals every day.

12       Plaintiff filed a Form 602, complaining of the cell feeding and cold food. The

13   Appeal Coordinator screened out his appeal without a valid reason. His appeal went to

14   Defendant Gamboa, and eventually was granted at the First Level by Defendant Castillo.

15   Plaintiff filed several appeals regarding cell feeding and received only the one response

16   from Defendant Castillo.

17       CSP continued cell feeding even after Plaintiff's appeal was granted. Plaintiff

18   continued to feel sick.

19       Defendant Gamboa was aware of Plaintiff's appeal and that cell feedings were

20   making Plaintiff sick, but continued to allow cell feeding. Defendant Gamboa did not

21   instruct the cook to serve hot food. Defendant Castillo granted Plaintiff's appeal but

22   continued to allow cell feeding. Defendant Jennings approved the grant of the appeal,

23   and knew that the food did not meet health standards and was making Plaintiff sick, but

24   continued to allow cell feeding. Defendant Appeal Coordinator did nothing to stop cell

25   feeding after Plaintiff's appeal was granted.

26       Plaintiff seeks money damages, the elimination of cell feeding, and to be served

27   hot food.

28
                                          3

1    **IV.    ANALYSIS**

2         **A.    Conditions of Confinement**

3         The Eighth Amendment's prohibition against cruel and unusual punishment

4    protects prisoners not only from inhumane methods of punishment but also from

5    inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th

6    Cir. 2006) (citations omitted). To determine whether the conditions of Plaintiff's

7    confinement constituted cruel and unusual punishment, the Court must assess whether

8    Plaintiff was deprived of the "minimal civilized measure of life's necessities." Frost v.

9    Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

10        "[A] prison official may be held liable under the Eighth Amendment for denying

11   humane conditions of confinement only if he knows that inmates face a substantial risk

12   of serious harm and disregards that risk by failing to take reasonable measures to abate

13   it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). To state a claim for threats to safety,

14   an inmate must allege facts to support that he was incarcerated under conditions posing

15   a substantial risk of harm and that prison officials were "deliberately indifferent" to those

16   risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128. To adequately allege deliberate

17   indifference, a plaintiff must set forth facts to support that a defendant knew of, but

18   disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the

19   official must both be aware of facts from which the inference could be drawn that a

20   substantial risk of serious harm exists, and he must also draw the inference." Farmer,

21   511 U.S. at 837.

22        "The Eighth Amendment requires only that prisoners receive food that is adequate

23   to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12

24   F.3d 1444, 1456 (9th Cir. 1993) (citation omitted). "The fact that the food . . . sometimes

25   is served cold, while unpleasant, does not amount to a constitutional deprivation." Hamm

26   v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985), cited with approval in LeMaire,

27

28
                                        4

1  12 F.3d at 1456. Plaintiff's assertion that he is constitutionally entitled to two hot meals

2  per day is incorrect.

3      Plaintiff has not stated a cognizable Eighth Amendment claim for cruel and

4  unusual punishment. CSP's cell feeding practice that resulted in Plaintiff receiving cold

5  food demonstrates neither a deprivation of the "minimal civilized measure of life's

6  necessities" nor a risk of serious harm to Plaintiff. Plaintiff has in any event failed to

7  allege sufficient facts to link each named Defendant to his claims. Plaintiff's conclusory

8  assertion that each Defendant was aware of his appeal does not suffice to state a cause

9  of action. Iqbal, 556 U.S. at 678.

10     Plaintiff has failed to state a cognizable Eighth Amendment claim. He was advised

11 of the deficiencies in his claim in the Court's prior screening order. (ECF No. 11.) His

12 failure to correct the deficiencies is reasonably construed as reflecting his inability to do

13 so. Leave to amend this claim would be futile and should be denied.

14     **B.     Failure to process appeal**

15     Plaintiff fails to state a due process violation against Defendant Appeal

16 Coordinator for screening out his inmate appeals. Prisoners have no stand-alone due

17 process rights related to the administrative grievance process. Ramirez v. Galaza, 334

18 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing

19 to properly process a grievance does not constitute a due process violation. Moreover,

20 Plaintiff's allegations and the documents attached to his complaint reflect that Plaintiff

21 eventually was able to and did pursue his appeal.

22     Plaintiff was advised of these deficiencies in the Court's prior screening order.

23 (ECF No. 11.) No useful purpose would be served by allowing Plaintiff a further

24 opportunity to amend this claim.

25 **V.     CONCLUSIONS AND RECOMMENDATION**

26     Plaintiff's first amended complaint fails to state any cognizable claim. He

27 previously was advised of pleading deficiencies and afforded the opportunity to correct

28

them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 22, 2014                    /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

6